IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RALPH LANDON DOW                                                                PLAINTIFF

v.                          CIVIL NO. 2:15-cv-2011-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF Nos. 14, 15. The matter is before the undersigned by consent of the parties. ECF No. 5.

**I.     Background:**

On April 5, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,170.89, representing a total of 2.00 attorney hours for work performed in 2014 at an hourly rate of $189.10, 29.90 attorney hours for work performed in 2015 at an hourly rate of $188.70, and .80 attorney hours for work performed in 2016 at an hourly rate of $188.20. ECF No. 14-5. On April 18, 2016, the Commissioner filed a response objecting to the hourly rates requested and the number of attorney hours for which the Plaintiff seeks compensation. ECF No. 16. The Plaintiff filed a reply on May 17, 2016, conceding the Defendant's objection to the hourly rates requested and decreasing his total number of hours by .50 attorney hours. ECF No. 17.

**II.    Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially

justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case, the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Further, the Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992)

("although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

### III. Discussion:

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner does not contest Plaintiff's claim that he is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 16 The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

#### A. Hourly Rate:

As a general rule, attorney fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A)-unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorney's justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic, though, and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Sanders v. Astrue*, 2012 WL 19422 (W.D. Ark. Jan 3, 2012), this Court decided to follow the approach set forth in *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 969-974 (N.D. Iowa 2004), wherein the Court found that "a reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services were performed." *Id.* at 974. In this case, we find that an increase in the cost of living justifies a higher fee. However, the Court finds that the hourly rates requested by Plaintiff are excessive. Accordingly, Plaintiff will be awarded $186.00 per hour for work performed in 2014, $187.00 for work performed in 2015, and $188.00 for work performed in 2016.

### B. <u>**Administrative Tasks**</u>:

The Defendant objects to 2.50 attorney hours expended between November 21, 2014, and January 14, 2015, for the receipt and review of the Appeals Council denial, communication with the Plaintiff explaining his appeal rights and the appellate process, the completion of the Motion for IFP, and preparation of the Complaint and all accompanying paperwork for filing with the Court. Citing *Pray v. Astrue*, 2011 WL 6937603, *2 (W.D. Ark. December 2, 2011) (finding certain tasks to be administrative in nature), Defendant contends that Plaintiff's attorney is not entitled to recover EAJA fees for any hours of work performed before a district court action begins. We disagree. An attorney is expected to be familiar with his case prior to filing a complaint in federal court. At the very least, this will require him to review notes from the administrative proceedings, communicate with his client regarding the appellate process, determine whether his client is a candidate for *in forma pauperis*, and prepare the complaint for filing with the court.

Because the Plaintiff has conceded .50 attorney hours for potentially duplicative tasks, the Court finds that an award of 2.00 attorney hours is proper in this case.

### C. <u>**Appeal Brief**</u>:

Additionally, the Defendant contests the total number of hours the Plaintiff seeks in compensation for the completion of his brief. Between February 24, 2015, and April 23, 2015, Plaintiff claims 27.50 attorney hours were expended in the preparation of his appeal brief.

In reviewing the administrative transcript, the Court notes that it is comprised of 435 pages with approximately 122 pages of medical records. Further, the Court notes that Mr. O'Hern also represented the Plaintiff at the Administrative level and completed a lengthy Brief in Support of the Plaintiff's request for Appeals Council Review raising numerous issues, many of which were revived in the Appeal Brief filed before this Court. Accordingly, the Court finds that 18.00 hours

should be more than adequate to compensate Plaintiff for the attorney hours expended in the preparation of his brief.

### D. **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

## IV. Conclusion:

Based upon the foregoing, the undersigned awards the Plaintiff attorney fees under the EAJA in the amount of **$4,281.32** for 1.70 attorney hours performed in 2014 at an hourly rate of $186.00, 20.40 attorney hours in 2015 at an hourly rate of $187.00, and .80 attorney hours in 2016 at an hourly rate of $188.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Dated this 1st day of September, 2016.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE